UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE:** | **MISC. ACTION** |
| **CAROL ANNE WOOD** | **NO. 23-53-SDD-SDJ** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 28, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE:                                                                                          MISC. ACTION

CAROL ANNE WOOD                                                              NO. 23-53-SDD-SDJ

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are a Complaint and several documents filed in this Miscellaneous Case by Carol Anne Wood, who is representing herself. Because Wood's claims are legally frivolous, it is recommended that this case be dismissed with prejudice.

**I.   BACKGROUND**

On March 14, 2023, Wood filed a form Complaint with this Court. (R. Doc. 1). Wood states her claim as "unintentional adhesion contract through force and [coercion]", and her prayer for relief is "right of subrogation". (R. Doc. 1 at 3). The Complaint lists no defendant and does not make clear Wood's subrogation rights. Nevertheless, Wood asserts that this Court has federal question jurisdiction through "CFR 12 1026.13"[1] and "Public Law Chap 10 48, 48 Stat 112".[2] (R. Doc. 1 at 2).

At the same time she filed her Complaint, Wood also filed her birth certificate (R. Doc. 2); a notice in which Wood purports to claim private equitable rights to her home "for 4.2 million in lawful money pursuant to USC 411 section 211"[3] (R. Doc. 3); and a deed of sale of Wood's home to Wood and her husband and Wood's notice of acceptance of that deed (R. Doc. 4).

---

[1] "Billing error resolution"
[2] It is unclear to which statue this citation refers. 48 Stat. 112 provides for the uniform value of coins and currency. UNITED STATES STATUTES AT LARGE, 73 Cong. Ch. 48, June 5, 1933, 48 Stat. 112.
[3] It is unclear to which statue this citation refers. 12 U.S.C. § 411 authorizes the issue of federal reserve bank notes, which "shall be redeemed in lawful money on demand at the Treasury Department of the United States or any Federal Reserve bank". 12 U.S.C.A. § 411 (West).

On June 22, 2023, Wood filed six documents styled as "Private Registration Notice of Stipulation of Surety/Subrogate", each directed at a different government agency and regarding a specific identification document.[4] Each of these Notices explains that Wood is "not a volunteer" to the identifying document and renounces liability for any accounts related to the document. These Notices refer to the issuing government body—that is, the state or federal government—as the "principal debtor" and Wood as the "surety". They disclaim Wood's liability and insist that the government entity is the proper debtor for debts attributed to Wood via her identifying documents.

Also on June 22, 2023, Wood filed a Special Notice of Equitable Interest (R. Doc. 11), in which Wood claims equitable title to her body; and a Special Notice of Acceptance (R. Doc. 13), in which Wood claims equitable title and sole interest in her birth certificate. The final document filed on June 22, 2023, is a completed Petition for Name Change that changes Wood's name from Carol Anne Preston Wood to Carol Preston Wood. (R. Doc. 12).

Finally, on January 13, 2025, Wood filed a Notice of Equitable Subrogation and Notice of Stipulation. (R. Doc. 14). In this document, Wood asserts that her birth certificate has been used "in various transactions without full disclosure or consent," her drivers license "has been used as collateral in financial dealings without full disclosure," and her social security insurance account has been used "without explicit written consent, without full disclosure, and no valuable consideration." (R. Doc. 14 at 1). The document purports to put "all parties" on notice that further use of these documents without explicit informed consent will be "subject to further Equitable actions". (R. Doc. 14 at 1). This document also contains a request that the Court accept and acknowledge Wood's "subrogation rights" and her position as subrogee in this case.

These filings seem to be Wood's attempt to disclaim all debts associated with her government-issued identification and prevent future use of her identifying documents. Even construed liberally

---

[4] Other than different recipients and subject identification documents, these six filings are identical in content: R. Doc. 5—to the federal Secretary of State, regarding a US passport; R. Doc. 6—to the Commissioner of the Social Security Administration, re: a social security number; R. Doc. 7—to the Commissioner of the Louisiana Office of Motor Vehicles, re: a Louisiana driver's license; R. Doc. 8—to the Jefferson Parish Clerk of Court, re: a certificate of marriage; R. Doc. 9—to the Louisiana Secretary of State, re: Louisiana voter registration; and R. Doc. 10—to the Probate/Chancery Court of Bay St. Louis, Mississippi, re: a State of Mississippi Birth Certificate.

considering Wood's *pro se* status, none of the documents filed in this case names any defendant or adequately alleges a colorable cause of action.[5]

## II.    LAW & ANALYSIS

### A.    Wood does not state a claim

"[D]istrict courts have the inherent authority to screen a pleading for frivolousness and may dismiss *sua sponte* claims that are 'totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion' because such claims lack the 'legal plausibility necessary to invoke federal subject matter jurisdiction.'"[6] This inherent power applies even with respect to pleadings, such as Wood's, in which the plaintiff is not incarcerated and/or has paid a filing fee.[7] The Fifth Circuit has recently affirmed that "[s]ome claims are 'so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy.'"[8] A claim is subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[9]

---

[5] *Johnson v. Attorney Office of Newman, Mathis, Brady & Spedale*, No. 12-706, 2013 WL 6834381, at *2 (M.D. La. Dec. 23, 2013) (holding a pro se plaintiff's filings "to less stringent standards than formal pleadings drafted by lawyers," citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "*pro se* parties are not exempt from complying with the relevant rules of procedural and substantive law," *Brown v. Exeter Finance LLC*, No. 21-169, 2021 WL 4342336, at *2 (N.D. Tex. Aug. 27, 2021), report and recommendation adopted sub nom., *Brown v. Exeter Finance LLC*, No. 21-169, 2021 WL 4319666 (N.D. Tex. Sept. 23, 2021), citing *U.S. Bank, N.A. as Trustee for Registered Holders of AEGIS v. Richardson*, No. 17-2271-L (BT), 2018 WL 5722680 (N.D. Tex. July 30, 2018) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.... Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure.") (citations omitted)).
[6] *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999), citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974); *Dilworth v. Dallas County Community College Dist.*, 81 F.3d 616, 617 (5th Cir. 1996).
[7] *Black v. Hornsby*, No. 14-822, 2014 WL 2535168, at *3 (W.D. La. May 15, 2014), subsequently aff'd sub nom., *Black v. Hathaway*, 616 Fed.Appx. 650 (5th Cir. 2015). *See also Doe v. City of Baton Rouge*, No. 20-514, 2021 WL 304392, at *2 (M.D. La. Jan. 29, 2021) ("[R]egardless of whether Plaintiff were to pay the filing fee, this Court has the inherent power to screen a pleading for frivolousness.").
[8] *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019), quoting *Oneida Indian Nation of N.Y. State v. Oneida County, New York*, 414 U.S. 661, 666 (1974).
[9] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *El-Bey v. Hagerman*, No. 19-1037, 2020 WL 1236541, at *2 (N.D. Tex. Mar. 13, 2020) (dismissing claims under 28 U.S.C. § 1915A and § 1915(e) and holding: "A complaint is frivolous when it 'lacks an arguable basis either in law or in fact.' *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is 'based on an indisputably meritless legal theory.' *Id*. at 327.").

A *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted."[10] A "court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs."[11] Here, Wood has not named a defendant nor asserted a claim beyond attempting to reference statutes—with citations that the Court can only guess at.[12] Even reading her citations as liberally as possible, Wood's Complaint does not list any facts, and none of her filings suggest a connection between some act and her sparse claims.

### B.  Sovereign citizen theory is meritless

In addition to lacking any statement of facts, Wood's filings bear the hallmarks of the "sovereign citizen theory." The Fifth Circuit describes sovereign citizens as "a loose grouping of litigants, commentators, and tax protestors who often take the position that they are not subject to state or federal statutes and proceedings."[13]

Here, Wood's filings contain declarations that Wood "is a private woman, a non-taxpayer, an American National, NOT an 'ENEMY OF THE STATE' AS PER TITLE 50 OR THE US CODE, TRADING WITH THE ENEMY ACT, but is at peace with men." (*See e.g.,* R. Doc. 2 at 1) (emphasis in original). Wood seems to attempt to use the "sovereign citizen theory" to evade payment of property taxes and other debts, as well as to establish that no creditor has ownership interest in her property under state or federal law.[14] For example, in disclaiming her liability to accounts associated with her identifying documents, Wood states that she is "excluded" from "[s]tatutes, codes, regulations," and the "Emergency Banking Relief Act of 1933." (*See e.g.,* R.

---

[10] *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).
[11] *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015).
[12] See supra, n.2 and 3.
[13] *United States v. Weast,* 811 F.3d 743, 746 n.5 (5th Cir. 2016).
[14] *Cf. In the Matter of Triay*, No. 23-176, 2023 WL 7267001 (M.D. La. Sept. 28, 2023), report and recommendation adopted, No. 23-176, 2023 WL 7251740 (M.D. La. Nov. 2, 2023) (plaintiff filed a complaint and declarations very similar to the ones filed here).

Doc. 5 at 2). Accordingly, "any claim, citation, infraction, assessment, charge, levy, lien or encumbrance" brought against her property are subject to "the protections and security of private civilian due process law." *Id.* Further, any "military or municipal jurisdiction proceedings" brought against Wood are to "be void and abated." *Id.*

Sovereign citizen arguments have been overwhelmingly rejected for years as frivolous and "indisputably meritless."[15] Consequently, courts routinely dismiss sovereign citizen claims—like those that appear to be contained in Wood's Complaint, notices, and stipulations—as frivolous and without merit.

### C.    Leave to amend is not warranted and dismissal with prejudice is appropriate

The Fifth Circuit encourages trial courts to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted.[16] Therefore, courts typically allow *pro se* plaintiffs leave to amend their complaints when the action is to be dismissed pursuant to a court order.[17] Where, however, a claim is frivolous or the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed.[18] Additionally, a plaintiff should not be granted leave to amend "where a proposed amendment would be a futile act."[19]

---

[15] *See Gauthier v. Kirkpatrick*, 2013 WL 6407716, at *17 n.18 (D. Vt. Dec. 9, 2013) (noting courts have described sovereign citizen ideology as "completely without merit," "patently frivolous," and "having no conceivable validity in American law") (citations omitted)); *United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (rejecting such theories as "wholly unsubstantial and frivolous"); *Roach v. Arrisi*, No. 15-2547, 2016 WL 8943290 at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of ... the court's time, which is being paid for by hard-earned tax dollars") (citation omitted); *United States v. Alexio*, No. 13-1018, 2015 WL 4069160 at *3 (D. Hawaii 2015)).
[16] *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).
[17] *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004).
[18] *See Jones,* at 327.
[19] *SB Int'l, Inc. v. Jindal*, Civ. A. No. 3:06-CV-1174-G, 2007 WL 2410007, at *3 (N.D. Tex. Aug. 23, 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Wood has filed various documents failing to state a claim for relief. She lists no defendant, states no facts, and does not identify a particular legal claim; furthermore, inasmuch as the Court can glean any specific claim, Wood relies entirely on a theory already determined to be frivolous. Reviewing the record, the Court finds that amendment would be futile. Accordingly, it is recommended that Wood's case be dismissed with prejudice as frivolous.

### III.  CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** as frivolous.

Signed in Baton Rouge, Louisiana, on March 28, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**